# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA LATHAM, Individually Heir, & Representative MURIEL L. MINTZ, deceased & ESTELLE NELSON, Individually & Heir of MURIEL MINTZ, deceased<br>*Plaintiffs,* | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 4:17-CV-03875 |
| | § | |
| JUDGE MIKE WOOD, Individually & Official Capacity as Statutory Probate Judge, Harris County, Texas, MICHELLE GOLDBERG, Individually & Officially, HARRIS COUNTY, TEXAS, TERESA PITRE, Individually & Officially, DONALD MINTZ, HOUSTON HOSPICE STACY KELLY, ST LUKE'S EPISOCAL HOSPITAL, THUY TRIN, DOES 1-100<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JURY DEMAND |

### FIRST AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(B)(6), FED. R. CIV. P. BY JUDGE MIKE WOOD, INDIVIDUALLY AND IN HIS CAPACITY AS STATUTORY PROBATE JUDGE OF HARRIS COUNTY

Defendant Judge Mike Wood, Individually and in his Capacity as Statutory Probate Judge of Harris County ("Judge Wood") now files his First Amended Motion to Dismiss Pursuant to Rule 12(b)(6), Fed. R. Civ. P. and would respectfully show this Court as follows:

### NATURE AND STAGE OF THE PROCEEDING

1.  This case was filed by Plaintiffs Barbara Latham, Individually, Heir and Representative of Muriel Mintz,[1] Deceased and Estelle Nelson, Individually and Heir of Muriel

---

[1] On January 10, 2018, the Court entered its Order granting Plaintiffs' Extension to File First Amended Complaint and Perpetuate Testimony, granting Plaintiffs an extension of time in which to file their First Amended Complaint with regard to Plaintiff Latham's status as representative of the estate of Mrs. Mintz. See DOC. NO. 10. At this time, to Judge Wood's knowledge, Plaintiff Barbara Latham has not been appointed the personal representative of the Estate of Muriel Mintz, Deceased.

1

Mintz, Deceased ("Plaintiffs") on December 25, 2017. See Doc. No. 1. On February 21, 2018, Plaintiffs filed their Amended Complaint for Declaratory and Injunctive Relief and Damages for Barbara Latham, Estelle Nelson and Estate of Muriel Mintz ("the Amended Complaint"). Plaintiffs allege claims against Judge Wood pursuant to 42 U.S.C. Section 1983, asserting that he violated their Fourteenth Amendment rights under the U.S. Constitution, as well as Muriel Mintz's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiffs also allege state law claims against Judge Wood. See Doc. No. 34, page 3 of 56. The Amended Complaint does not contain a prayer for relief.[2]

2.      Judge Wood denies that Plaintiffs' constitutional rights have been violated, or that he is liable to Plaintiffs in any amount, under any theory. Judge Wood is entitled to judicial immunity on all of Plaintiffs' claims against him. Judge Wood seeks a judgment that Plaintiffs take nothing against him.

## The Motion To Dismiss Standard

3.      Rule 12(b)(6), Fed. R. Civ. P. provides that a party may present its defense to a claim for relief in a pleading by motion if Plaintiff has failed to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is viewed with disfavor. See Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009); Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004) (citing Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) ("[A] judge must accept as true all of the factual allegations contained in

---

[2] Plaintiffs filed their Amended Complaint for Declaratory and Injunctive Relief and Damages on February 22, 2018. See Doc. No. 35-1. By motion, Plaintiffs sought leave to correct/amend Plaintiffs' Complaint. See Doc. No. 35. At the time of the filing of this Motion, the Court has not ruled on Plaintiffs' Motion for Leave to Correct/Amend Plaintiffs' Complaint.

the complaint." (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (internal citations omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555 (internal citations omitted). However, regardless of how well pleaded the factual allegations may be, they must demonstrate that the Plaintiff is entitled to relief under a valid legal theory. See Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

### PLAINTIFFS' ALLEGATIONS AGAINST JUDGE WOOD

4. Plaintiffs allege that Judge Wood violated their Fifth and Fourteenth Amendment rights not to be deprived of life, liberty and property without due process of law in violation of 42 USC Section 1983, et seq.

5. Plaintiffs allege that Judge Wood violated their Fourteenth Amendment right to be safe while in government custody, and receive quality medical due process and equal protection.

6. Plaintiffs allege that Judge Wood violated their First Amendment right to life, freedom of speech and association, not to be infringed by any government entity or person "acting under color of state law".

7. Plaintiffs allege that Judge Wood violated their Fourth Amendment right against unreasonable search and seizure.

8. Plaintiffs allege that Judge Wood violated their Eighth Amendment guarantee against cruel and unusual punishment.

9. Plaintiffs plead wrongful death damages against Judge Wood's bond. See DOC. NO. 34, page 3 of 56.

**ARGUMENT AND AUTHORITIES**

**A.     PLAINTIFFS' CLAIMS AGAINST JUDGE WOOD ARE BARRED BY JUDICIAL IMMUNITY**

10.     A judge generally has judicial immunity from suits for damages. A long line of Supreme Court precedents acknowledges that a judge is immune from a suit for money damages. See Forrester v. White, 484 U.S. 219, 108 S.Ct. 538 (1988); Cleavinger v. Saxner, 474 U.S. 193, 106 S.Ct. 496 1985); Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183 (1980). Like other forms of immunity, judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.[3] See Mitchell v. Forsyth, 492 U.S. 511, 105 S.Ct. 2806 (1985); Mireles v. Waco, 502 U.S. 9, 9-10, 112 S. Ct. 286 (1991). There are only two circumstances under which judicial immunity may be overcome. First, a judge is not immune from liability for nonjudicial actions, that is, actions which were not taken in the judge's judicial capacity. Id. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of jurisdiction. Id. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. Id.; see also Twilligear v. Carrell, 148 S.W. 3d 502, 504 (Tex.App.—Houston [14th Dist.] 2004, pet. denied).

11.     In determining whether a judge's actions were "judicial in nature", courts consider four factors. These factors are: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." See Malina v. Gonzales, 994 F. 2d 1121, 1124 (5th Cir. 1993). These factors are to be broadly construed in favor of judicial immunity. See Id.

---

[3]     Absolute privilege is founded on the theory that the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury that may result to a particular harassment and inevitable hazards of vindictive or ill-founded damage suits brought on account of actions taken in the exercise of their responsibilities…". See Hawkins v. Walvoord, 25 S.W.3d 882, 889 (Tex. App.–El Paso 2000, pet. denied.)

12. Attached hereto and incorporated by reference herein are true and correct copies of the Docket Sheet in Cause No. 456,059, In the Guardianship of Muriel Luba Mintz, An Incapacitated Person, in the Probate Court Number Two (2) of Harris County, Texas, ("the Guardianship Proceeding") and Order Appointing Temporary Third-Party Guardian of the Person and Estate Pending Contest. See DOC. NO. 30. Each of the actions taken by Judge Wood in connection with the Guardianship Proceeding about which Plaintiffs complain was judicial in nature.

13. It is undisputed that this case has its genesis in the guardianship proceeding involving Plaintiffs' mother, Muriel Mintz. See Doc. No. 34, pages 8, 9, 17, 24, 34 (paragraphs 130). With regard to the application for appointment of a guardian for Muriel Mintz, *Exhibit "A"* demonstrates that Judge Wood: appointed an attorney ad litem for Muriel Mintz in the proceeding for an appointment of a guardian which was pending before him, as he was required to do, pursuant to Section 1054.001, Texas Estates Code; appointed an investigator in connection with the guardianship application pursuant to Section 1054.151, Texas Estates Code; received an investigator's report pursuant to Section 1054.153, Texas Estates Code; and ultimately entered an order appointing a temporary guardian for Mrs. Mintz. See *Exhibit "B"*. Each of these specific acts represents a normal judicial function for a probate judge such as Judge Wood. Additionally, Plaintiffs do not allege that the Judge Wood's actions in handling the guardianship application before him took place anywhere other than the courtroom. It is undisputed that the controversy presently at issue centers around a case pending in the Probate Court Number Two (2) of Harris County, Texas. See *Exhibits "A"* and *"B"*. Finally, the complaints which Plaintiffs make arose out of a visit to the judge in his official capacity, as Plaintiffs' claim against him in that capacity

in this case demonstrates. See DOC. NO. 34.  Judge Wood, therefore, is entitled to judicial immunity.

14. Plaintiffs will undoubtedly argue allege that Judge Wood acted in the complete absence of jurisdiction.  It is, however, undisputed that Plaintiff Barbara Latham was represented by counsel with regard to the Guardianship Proceeding, and had the opportunity to seek review of the alleged jurisdictional issues about which she now complains.  Plaintiff Barbara Latham even filed an application for permanent guardianship of the person and estate of Muriel Mintz in the Harris County Probate Court No. 2.  See DOC. NO. 34.  Further, this Court does not serve as an appellate tribunal to review errors allegedly committed by state courts.  Finally, Plaintiffs' allegations are wholly conclusory and should not be considered by this Court.

15. Although decided in a procedural different context, the principles outlined in Gromer v. Mack, 799 F. Supp. 704 (N.D. Tex. 2011) apply here. The Gromer case was brought by Plaintiff Mary Gromer against Janet Mack, Guardian for Valma Marie Stokley, an Alleged Incapacitated Person, Defendant.  Plaintiff Gromer and Guardian Mack are the daughters of Valma Marie Stokley ("Stokley"), who is incapacitated.  Gromer and Mack became involved in a bitter guardianship proceeding over Stokley.  This dispute ultimately resulted in the court granting an ex parte application for a temporary restraining order, as well as a temporary and permanent injunction against Gromer, preventing her from coming near Stokley and from using any of Stokley's property or financial instruments.  Because Gromer was ordered to stay at least 100 yards away from Stokley, and was not permitted any access or contact, Gromer requested that the Court order that she have access to her mother and also to find that her substantive due process rights to associate with family were violated under Moore v. City of East Cleveland, 431 U.S. 494, 97 S. Ct. 1932 (1977).  See Gromer, Id.  Mack disputed the subject matter jurisdiction of the federal

district court with regard to Gromer's request that the Court find that the Probate Court violated her due process rights under the Texas and United States Constitution during the guardianship proceedings.

16. Again, although the context of <u>Gromer</u> is whether the district court had removal jurisdiction, the principles on which that decision was made apply equally to this case. The district court in <u>Gromer</u> noted, "Federal courts are courts of limited jurisdiction. [A court] must presume that a suit lies outside this limited jurisdiction..". <u>Gromer</u>, <u>Id</u>., citing <u>Howery v. Allstate Ins. Co.</u>, 243 F. 3d 912, 916 (5th Cir. 2001). The <u>Gromer</u> court also concluded that the underlying state law claim in the probate court proceedings does not necessarily raise a stated federal issue. <u>Gromer</u>, <u>Id</u>. It noted that the "…alleged procedural due process violations…occurred during the course of the guardianship proceeding…". <u>Gromer</u>, <u>Id.</u>

17. The <u>Gromer</u> court also noted that "Probate matters have traditionally been governed by the individual states. The statutory probate courts of Texas are specialized courts determined by the Texas Legislature to have original and exclusive jurisdiction over their designated counties' probate matters." See <u>Gromer</u>, <u>Id</u>. Finally, the Court concluded, "It is doubtful that the Supreme Court in <u>Moore</u>, in extending substantive due process rights to certain choices of family association, contemplated that federal courts would usurp the role of specialized state probate courts in guardianship proceedings." <u>Gromer</u>, <u>Id</u>.

18. In addition to the fact that Judge Wood is entitled to judicial immunity as a matter of law, Plaintiffs appear to seek a ruling from this Court with regard to a still pending guardianship proceeding, over which this Court has no jurisdiction. Similarly, this Court has no jurisdiction over Plaintiffs' claim against Judge Wood's bond. For this reason, Plaintiffs' claims against Judge Wood should be, in all respects, dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant Judge Mike Wood in his Individual and Official Capacity as Statutory Probate Judge of Harris County respectfully requests that this Court grant his Motion to Dismiss Pursuant to Rule 12(b)(6), Fed. R. Civ. P., and for such other and further relief to which he shall show himself entitled.

Respectfully submitted,

OF COUNSEL:

VINCE RYAN
HARRIS COUNTY ATTORNEY

**/S/  Mary E. Baker**
MARY E. BAKER
Federal I.D. No. 7647
State Bar No. 08534000
Senior Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone:  (713) 274-5133
Facsimile: (713) 755-8924
mary.baker@cao.hctx.net

ATTORNEY FOR DEFENDANT
JUDGE MIKE WOOD

### CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, a true and correct copy of **FIRST AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(B)(6), FED. R. CIV. P. BY JUDGE MIKE WOOD, INDIVIDUALLY AND IN HIS CAPACITY AS STATUTORY PROBATE JUDGE OF HARRIS COUNTY** was delivered via CM/ECF system:

Candice Lee Schwager
Schwager Law Firm
State Bar No. 24005603
2210 Village Dale Ave
Houston, Texas 77059
Fax: (713) 456-2453
Email: schwagerlawfirm@live.com

Michele Quattlebaum
Sprott, Newsom, Quattlebaum
    & Messenger, PC
2211 Norfolk, Suite 1150
Houston, Texas 77098
Fax: (713) 5239422
Email: Quattlebaum@sprottnewsom.com

Jason B. Ostrom
Ostrommorris, LLP
6363 Woodway, Suite 300
Houston, Texas 77057
Fax: (713) 863-1051
Email: jason@ostrommorris.com

James T. Barnish
Vorys, Sater, Seymour & Pease, LLP
700 Louisiana, Suite 4100
Houston, Texas 77002
Fax: (713) 588-7050
Email: jbarnish@vorys.com

**/S/  Mary E. Baker**
MARY E. BAKER
Senior Assistant County Attorney